## ESTATE OF JOHN T. POWELL, DECEASED.

APPEAL BY ANNA M. DITTMOR FROM THE ORPHANS' COURT OF ALLEGHENY COUNTY.

Argued October 29, 1890—Decided November 10, 1890.

1. When the decree of the Orphans' Court is right, the opinion delivered and to which errors are assigned is of little consequence; the Supreme Court will not reverse a decree because of a wrong reason given.   Hence, it is always safer to assign error to the decree, rather than to the opinion alone.

(a) By his will, a testator bequeathed legacies to the amount of $5,000 to his daughter and two sisters, providing: " For the payment of the above funeral expenses and $5,000 to my daughter and sisters, I desire my executors to sell a sufficient number of my shares of stock . . . . . to pay the same within nine months : "

2. One of the sisters having died without issue before the testator, and there being a residuary legatee, the lapsed legacy did not fall to the daughter as in an intestacy; nor was there given an additional bequest of $5,000 to the daughter and sisters by the clause quoted providing for the sale of the stock.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 94 October Term 1890, Sup. Ct.; court below, No. 164 December Term 1888, O. C.

On December 11, 1888, the first and partial account of J. K. Melhorn and J. Boyd Duff, executors of the will of John T. Powell, deceased, showing a balance due the estate of $4,261.23, was presented and confirmed nisi.   Exceptions having been filed,

a hearing was had, and on January 25, 1889, the court filed an adjudication surcharging the accountants with a small amount, and, after deducting the costs and a small claim against the estate from the fund, distributing the net balance, to wit, $4,062.30, to J. K. Melhorn and J. Boyd Duff, trustees under the will of the decedent. Subsequently, the decree of distribution was made absolute.

On December 14, 1889, Anna A. Dittmor presented her petition representing that she was the only " child and heir direct " of John T. Powell, deceased, who, by his last will (a copy of which was made a part of the petition and which is sufficiently shown in the decision of the court below), bequeathed to the petitioner the sum of $3,000 which had been paid to her by the accountants; that, by the succeeding clause in the will, there was bequeathed to Anna Evans $1,000, to Hannah Davis $1,000, and $5,000 to the petitioner and said John T. Powell's sisters, the said Anna Evans and Hannah Davis; that Anna Evans died, unmarried and without issue, before the death of the testator; that said will not having been changed after the death of Anna Evans, her bequest and her portion of the $5,000 additional bequest " reverted back to the estate of John T. Powell as undevised, and belong to the heir or heirs of the estate." Averring a demand upon the executors for payment, and a refusal, a citation upon the executors to show cause, etc., was awarded.

An answer having been filed, on December 28, 1889, upon consideration it was ordered that the final confirmation of the decree of distribution made January 25th be lifted, and leave was granted to file exceptions thereto, nunc pro tunc. Thereupon the petitioner filed the following exceptions:

" 1. The failure, as appears by said account, to pay over to Anna A. Dittmor, $1,000, devised to Anna Evans, who died previous to the death of the testator, thereby causing the legacy to lapse and revert to the estate, there being no residuary clause in the will, and Anna A. Dittmor being the only child living of said John T. Powell, deceased, and the only heir to said estate under the intestate laws.[4]

" 2. The failure, as appears by said account, to pay over to Anna A. Dittmor the one fourth part of $5,000, devised to Anna A. Dittmor and the testator's sisters, there being three sisters,

Decision of Court below.

viz, $1,250, which would have gone to Anna Evans if she had been living, but, having died previous to the testator, lapsed and reverted to the estate of the testator; there being no residuary clause in the will, and Anna A. Dittmor being the only child and heir, she would be entitled to said legacy as heir to said estate.[5]

"3. The failure, as appears by said account, to pay by the executors to Anna A. Dittmor her proportionate part of the $5,000 devised to her and the sisters of said testator, viz., $1,250 or the one fourth part thereof, there being three sisters and a daughter mentioned in said devise of $5,000." [6]

On April 5, 1890, said exceptions having been argued, the court, OVER, J., filed the following decision:

The will of John T. Powell, the decedent, contained, inter alia, the following provisions:

"Item.  I give, devise and bequeath to my beloved daughter Mrs. Anna A. Dittmor, three thousand dollars.

"I give, devise and bequeath to each of my sisters Mrs. Anna Evans & Mrs. Hannah Davis one thousand dollars.  For the payment of the above funeral expenses & five thousand dollars to my daughter and sisters I desire my executors to sell a sufficient number of my shares of stock in the Penna. Insurance company, or of my stock in bank & to pay the same within nine months after my decease."

". . . . When Harvey Powell is thirty years of age, I give, devise and bequeath to him all of my unsold stocks (insurance and bank); then I desire that my real estate shall be divided or sold & the money divided equally between my daughter, Anna A. Dittmor, and my grandson, Harvey Powell.

"In case of the death of either my daughter Anna A. or my grandson Harvey, childless, before they are in actual possession of their intended shares, then I desire her or his share so dying without heir or heirs, shall go to my brother and sisters to be equally divided."

"Further.  It is my will that in case my brother or sisters die before they get into possession of such share, then I desire that his or her share so intended shall be given to the American Bible Society."

It is claimed by Mrs. Anna A. Dittmor, who excepts to the decree:

Decision of Court below.

1. That, in addition to the legacy of $3,000, she is entitled to one fourth of $5,000, under this clause of the will: "For the payment of the above funeral expenses and five thousand dollars to my daughter and sisters, I desire my executors to sell a sufficient number of my shares of stock in the Penna. Insurance Company," the testator having at the time the will was executed three sisters living.

2. That she is entitled as next of kin to the testator to the legacy of $1,000 given to Mrs. Evans, who died without issue before the testator; Harvey Powell, the grandson, being illegitimate.

It is claimed by the American Bible Society that it as residuary legatee is entitled to this legacy.

OPINION.

1. The testator, after providing for the payment of his funeral expenses, and giving a legacy of three thousand dollars to his daughter, Mrs. Dittmor, and of one thousand dollars to each of his two sisters, directed that "for the payment of the above funeral expenses and five thousand dollars to my daughter and sisters," certain stocks should be sold. These legacies amounted to five thousand dollars, and it is evident that by this clause he merely directed out of what portion of his estate they should be paid, and did not intend to give any additional legacies.[1]

2. The legacy given to Mrs. Evans lapsed by reason of her death, without leaving children, before the testator. It and the other two were demonstrative legacies, and payable primarily out of certain stocks, and the testator left sufficient to pay them. In a subsequent part of the will, he gives all these stocks which are unsold to Harvey Powell, when he arrives at the age of thirty years. It was only necessary and the executors only had authority to sell enough to pay the legacies which had not lapsed. The balance remain unsold; and clearly, under the will, the title to them would vest in Harvey Powell when he arrives at the age of thirty years. In the meantime it vests in the executors.[2]

3. The American Bible Society cannot take as residuary legatee, unless Mrs. Dittmor or Harvey Powell die childless before he arrives at the age of thirty years, without leaving to survive them the testator's brother and sisters.[3]

The exceptions to the decree must therefore be dismissed.

—Thereupon, the exceptants took this appeal, specifying that the court erred:

1–3. In the paragraphs of the opinion marked.[1 to 3]

4–6. In not sustaining the petitioner's exceptions.[4 to 6]

*Mr. John R. Large*, for the appellant.

*Mr. J. Boyd Duff*, for the appellee, was not heard.

PER CURIAM: .

The first three assignments allege errors in the opinion of the learned judge of the Orphans' Court. The opinion of the Orphans' Court, even if erroneous, is of little consequence if the decree is right. We do not reverse a correct decree because of a wrong reason. Hence it is always safer to assign error to the decree of that court, rather than to its opinion. The last three assignments however, are specific, and raise all the questions of importance in the case. A careful examination of them fails to satisfy us that the Orphans' Court committed error, either in its decree or the reasons given therefor.

The testator by his will gives three thousand dollars to his daughter, the appellant. He then gives one thousand dollars to each of his sisters, Anna Evans and Hannah Davis. To provide for the payment of the foregoing five thousand dollars, and the funeral expenses, he authorizes his executor to sell so much of his bank or other stocks as may be necessary. Anna Evans died before the testator and the legacy to her lapsed. The appellant claims this legacy as heir at law, upon the ground that there is no residuary clause in the will. In this she is clearly mistaken. This $1,000 falls into the residue. This disposes of · the fourth assignment. The fifth and sixth are based upon an entire misapprehension of the language of the will. There was no sum of five thousand dollars given to the appellant and to the testator's sisters, in addition to the bequests to them above specified. The appellant has confounded the direction to sell stocks to pay these legacies, with the gift of an additional five thousand dollars.

> Decree affirmed and the appeal dismissed at the costs of the appellant.